UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GULF COAST TURF AND
TRACTOR LLC,

        Plaintiff,

v.                                            Case No. 8:17-cv-2787-T-24 AEP

KUBOTA TRACTOR CORPORATION,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Daubert Motion. (Doc. No. 55). Defendant opposes the motion. (Doc. No. 56). As explained below, the motion is granted in part and denied in part.

## I. Background

Defendant Kubota Tractor Corporation ("Kubota") distributes agricultural, construction, and outdoor power equipment through a network of dealers throughout the United States. Plaintiff Gulf Coast Turf and Tractor LLC ("Gulf Coast") is one of Kubota's authorized dealers, with dealerships in Pasco County and Hillsborough County. This case involves Gulf Coast's contention that Kubota acted unfairly towards it in the selection of the Delivering Dealer for two national accounts, Hertz Equipment Rental Corporation ("Herc") and Neff Rentals, Inc. ("Neff").

In connection with Gulf Coast's contention that it was harmed by Kubota's actions, both Gulf Coast and Kubota retained experts to opine on the issue of damages. Gulf Coast retained Kirk Kleckner as its expert, and Kleckner opined that Gulf Coast's damages relating to Herc are $3,069,000. Kubota retained Eric Sherman as its expert, and Sherman opined that Gulf Coast's

damages related to Herc "would be purely speculative, and cannot be calculated to a reasonable degree of accounting certainty." (Doc. No. 55-1, p. 26). In the instant Daubert motion, Gulf Coast contends that portions of Sherman's rebuttal opinion focusing on alleged deficiencies in Kleckner's expert report regarding the damages related to Herc should be excluded.

## II. Daubert Standard

The Court's "gatekeeper role" regarding the admissibility of expert testimony under Daubert[1] and Federal Rule of Evidence 702[2] ensures that expert testimony is both relevant and reliable. See State Farm Mutual Auto. Ins. Co. v. Physicians Injury Care Center, Inc., 2009 WL 6357793, at *18 (M.D. Fla. Jan. 9, 2009). As explained by one court:

> [Trial courts must act as gatekeepers and] engage in a "rigorous three-part inquiry" assessing whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." The proponent of the expert testimony bears the burden of showing, by a preponderance of the evidence, that the testimony satisfies each prong.

Hendrix ex rel. G.P. v. Evenflo Co., Inc., 609 F.3d 1183, 1194 (11th Cir. 2010)(internal citations omitted). Furthermore:

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

[2] Rule 702 provides the following: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

> [I]t is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence. Quite the contrary, vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.

Rosenfeld v. Oceania Cruises, Inc., 654 F.3d 1190, 1193 (11th Cir. 2011)(internal quotation marks and citations omitted). The Court's inquiry is flexible and the focus "must be solely on the principles and methodology, not on the conclusions they generate." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 594–95 (1993).

### III. Gulf Coast's Daubert Motion

As explained above, before an expert opinion is admissible, the proponent of such testimony must show that: (1) the expert is qualified, (2) the opinion is reliable, and (3) the opinion will assist the trier of fact. In the instant motion, Gulf Coast does not challenge Sherman's qualifications; instead, Gulf Coast argues that Sherman's opinions will not assist the jury in determining the amount of damages related to Herc at issue in this case. Furthermore, Gulf Coast contends that allowing Sherman to criticize Kleckner's opinions would be unduly prejudicial, since the criticism would be coming from an expert rather than through cross-examination. The Court is not persuaded by these arguments.

Sherman makes the following criticisms of Kleckner's opinions: (1) Kleckner failed to accurately approximate Gulf Coast's lost delivery income related to Herc purchases from Kubota, because he erroneously included Gulf Coast's actual delivery income that it received as part of its damages (overstating damages by $400,000); (2) Kleckner does not provide a basis for his arbitrary 5-year period that he uses to calculate the purported lost delivery income; (3) Kleckner did not accurately estimate the costs attributed to the purported lost delivery income; and (4)

3

Kleckner did not use the proper discount rate when calculating damages. While Gulf Coast contends that these criticisms should simply be addressed through cross-examination, Kubota responds that Sherman is permitted to give an opinion that criticizes Kleckner's *methodology*. See State Farm, 2009 WL 6357793, at *24 (stating that "[a]n expert can criticize the methodology of another expert"). The Court agrees with Kubota on this issue.

Sherman's criticisms of Kleckner's opinions will assist the jury in the calculation of damages (if any) by explaining what he believes to be the proper methodology to be used. Sherman's criticisms are not merely an improper attack on Kleckner's credibility.

However, Sherman also states in his expert report that Herc did not request that Gulf Coast be its Delivering Dealer, and therefore, any damages related to Herc would be purely speculative. To the extent that Sherman is opining that Herc-related damages are speculative ***because*** Herc did not request that Gulf Coast be its Delivering Dealer, such an opinion improperly addresses questions that the jury must decide—whether Herc wanted Gulf Coast to be its Delivering Dealer for the state of Florida and/or whether Kubota prevented Gulf Coast from being Herc's Delivering Dealer for the state of Florida. Furthermore, even if Sherman meant that ***if*** the jury finds that Herc did not want Gulf Coast be its Delivering Dealer and/or that Kubota did not prevent Gulf Coast from being Herc's Delivering Dealer for the state of Florida, then any damages related to Herc would be purely speculative, such an opinion will not assist the jury. If the jury concludes that Kubota did not prevent Gulf Coast from being Herc's Delivering Dealer for the state of Florida, the jury will not award any damages because Gulf Coast's claims will fail, and Sherman's opinion on the issue would be unnecessary.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Daubert Motion (Doc. No. 55) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that Sherman cannot opine that Herc-related damages are speculative because Herc did not request that Gulf Coast be its Delivering Dealer; otherwise, the motion is denied.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of March, 2019.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record