UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GULF COAST TURF AND
TRACTOR LLC,

        Plaintiff,

v.                                            Case No. 8:17-cv-2787-T-24 AEP

KUBOTA TRACTOR CORPORATION,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Daubert Motion. (Doc. No. 53). Plaintiff opposes the motion. (Doc. No. 61). Defendant requests an evidentiary hearing in connection with this motion, but the Court finds that an evidentiary hearing would not be helpful at this stage. As explained below, Defendant's Daubert motion is denied.

**I. Background**

Defendant Kubota Tractor Corporation ("Kubota") distributes agricultural, construction, and outdoor power equipment through a network of dealers throughout the United States. Plaintiff Gulf Coast Turf and Tractor LLC ("Gulf Coast") is one of Kubota's authorized dealers, with dealerships in Pasco County and Hillsborough County. This case involves Gulf Coast's contention that Kubota acted unfairly towards it in the selection of the Delivering Dealer for two national accounts, Hertz Equipment Rental Corporation ("Herc") and Neff Rentals, Inc. ("Neff").

In connection with Gulf Coast's contention that it was harmed by Kubota's actions, Gulf Coast retained Kirk Kleckner as its expert to provide an opinion on Gulf Coast's damages. In the instant Daubert motion, Kubota contends that Kleckner's opinions should be excluded in their

entirety or at least excluded as to his opinions as to the Herc-related damages.

## II. Daubert Standard

The Court's "gatekeeper role" regarding the admissibility of expert testimony under Daubert[1] and Federal Rule of Evidence 702[2] ensures that expert testimony is both relevant and reliable. See State Farm Mutual Auto. Ins. Co. v. Physicians Injury Care Center, Inc., 2009 WL 6357793, at *18 (M.D. Fla. Jan. 9, 2009). As explained by one court:

> [Trial courts must act as gatekeepers and] engage in a "rigorous three-part inquiry" assessing whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." The proponent of the expert testimony bears the burden of showing, by a preponderance of the evidence, that the testimony satisfies each prong.

Hendrix ex rel. G.P. v. Evenflo Co., Inc., 609 F.3d 1183, 1194 (11th Cir. 2010)(internal citations omitted). Furthermore:

> [I]t is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence. Quite the contrary, vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

[2] Rule 702 provides the following: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Rosenfeld v. Oceania Cruises, Inc., 654 F.3d 1190, 1193 (11th Cir. 2011)(internal quotation marks and citations omitted). The Court's inquiry is flexible and the focus "must be solely on the principles and methodology, not on the conclusions they generate." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 594–95 (1993).

### III. Kubota's Daubert Motion

In the instant motion, Kubota argues that Kleckner's opinions should be excluded, because they lack an evidentiary foundation. However, Kubota merely rejects Gulf Coast's version of the facts in this case. Without hearing the evidence in this case, the Court cannot find that Kleckner's opinions lack an evidentiary foundation. Furthermore, most of the facts in this case are disputed, so Kubota can cross-examine Kleckner regarding alternate factual scenarios and question Kleckner's assumptions and factual bases.

Additionally, Kubota argues that Kleckner's lost profit calculations are based on speculation, and therefore, they do not satisfy Daubert. The issue of lost profits was also raised in Kubota's initial motion for summary judgment. (Doc. No. 51). In ruling on that motion, the Court agreed the future lost profits—profits that would be earned after trial—were not recoverable under Florida's Unfair and Deceptive Trade Practices Act ("FDUTPA"). (Doc. No. 64). However, the Court stated that the general rule was that past lost profits—profits that would have been earned prior to trial—were recoverable under FDUTPA. The Court invited Kubota to file a supplemental motion for summary judgment on the issue of whether past lost profits would be too speculative and to explain the basis for such a contention. In response, Kubota merely re-argued that past lost profits would be speculative without giving a sufficient explanation as to why they would be too speculative. (Doc. No. 67). Given that the lost profits damages would be

3

based on actual sales that Kubota made to Herc and Neff, it is unclear why Kubota believes that the calculation of Gulf Coast's lost profits (based on the lost Delivering Dealer commissions) would be speculative. Therefore, the Court rejects Kubota's argument that Kleckner's past lost profit calculations are based on speculation.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Daubert Motion (Doc. No. 53) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of March, 2019.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record