UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GULF COAST TURF AND
TRACTOR LLC,

    Plaintiff,

v.    Case No. 8:17-cv-2787-T-24 AEP

KUBOTA TRACTOR CORPORATION,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Supplemental Motion for Summary Judgment (Doc. No. 67), which the Court invited Defendant to file (Doc. No. 64). Plaintiff opposes the motion. (Doc. No. 72). As explained below, Defendant's supplemental motion is denied.

**I. Background**

Defendant Kubota Tractor Corporation ("Kubota") distributes agricultural, construction, and outdoor power equipment through a network of dealers throughout the United States. Plaintiff Gulf Coast Turf and Tractor LLC ("Gulf Coast") is one of Kubota's authorized dealers, with dealerships in Pasco County and Hillsborough County. This case involves Gulf Coast's contention that Kubota acted unfairly towards it in the selection of the Delivering Dealer for two national accounts, Hertz Equipment Rental Corporation ("Herc") and Neff Rentals, Inc. ("Neff").

Kubota designates a Delivering Dealer for each sale to a national customer, and the Delivering Dealer gets a commission from that sale. Gulf Coast wanted to be the Delivering Dealer for all sales to Herc in the state of Florida. Gulf Coast contends that Kubota unfairly

interfered with Gulf Coast's attempts to build a Delivering Dealer relationship with Herc and also that Kubota would not designate Gulf Coast as the Delivering Dealer for all of Herc's Florida purchases. As a result, Gulf Coast asserts four claims against Kubota: (1) violation of Florida Statute § 686.413; (2) violation of Florida Statute § 686.611; (3) violation of Florida's Unfair and Deceptive Trade Practices Act ("FDUTPA"); and (4) tortious interference with advantageous business relationships.

## II. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

## III. Kubota's Supplemental Summary Judgment Motion

In the instant motion, Kubota argues that Gulf Coast cannot seek lost profits with respect to its FDUTPA claim. In ruling on Kubota's initial summary judgment motion, the Court agreed that future lost profits—profits that would be earned after trial—were not recoverable under FDUTPA. (Doc. No. 64). However, the Court stated that the general rule was that past lost

2

profits—profits that would have been earned prior to trial—were recoverable under FDUTPA. The Court invited Kubota to file a supplemental motion for summary judgment on the issue of whether past lost profits would be too speculative and to explain the basis for such a contention.

In the instant motion, Kubota merely re-argues that the calculation of past lost profits would be speculative without giving a sufficient explanation as to why they would be too speculative. Given that the past lost profits damages would be based on actual sales that Kubota made to Herc and Neff prior to trial, it is unclear why Kubota believes that the calculation of Gulf Coast's lost profits (based on the lost Delivering Dealer commissions) would be speculative. Therefore, without more information, the Court cannot find that the calculation of past lost profits would be too speculative.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Supplemental Motion for Summary Judgment (Doc. No. 67) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of April, 2019.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record