UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GULF COAST TURF AND
TRACTOR LLC,

        Plaintiff,

v.                                  Case No. 8:17-cv-2787-T-24 AEP

KUBOTA TRACTOR CORPORATION,

        Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion in Limine. (Doc. No. 71). Defendant opposes the motion. (Doc. No. 77). As explained below, the motion is granted in part and denied in part.

**I. Background**

Defendant Kubota Tractor Corporation ("Kubota") distributes agricultural, construction, and outdoor power equipment through a network of dealers throughout the United States. Plaintiff Gulf Coast Turf and Tractor LLC ("Gulf Coast") is one of Kubota's authorized dealers, with dealerships in Pasco County and Hillsborough County. This case involves Gulf Coast's contention that Kubota acted unfairly towards it in the selection of the Delivering Dealer for two national accounts, Hertz Equipment Rental Corporation ("Herc") and Neff Rentals, Inc. ("Neff").

**II. Motion in Limine**

In the instant motion, Gulf Coast asks the Court to exclude three types of information: (1) potential hearsay statements regarding Neff's desire to have Florida Coast Equipment, Inc. ("FCE") be its Delivering Dealer for its purchases; (2) testimony not based on first-hand

knowledge regarding FCE's conduct in establishing a relationship with Neff ; and (3) argument that Kubota's sales bulletins were incorporated into Gulf Coast and Kubota's Dealer Sales and Service Agreement ("DSSA"). Accordingly, the Court will address each type of information sought to be excluded.

### A. Potential Hearsay

Gulf Coast argues that this Court should exclude potential hearsay statements regarding Neff's desire to have FCE be its Delivering Dealer for its purchases. Gulf Coast anticipates that Kubota will call a witness to testify that someone from Neff told Tetsu Kojima at Kubota of Neff's desire to have FCE be its delivering dealer. Since Kubota does not intend to call Kojima as a witness at trial (because he is located in Japan), Gulf Coast contends that any such testimony would be double hearsay—a statement made by someone at Neff to Kojima, which Kojima relayed to the trial witness, which the trial witness repeats at trial.

Kubota responds that any such statements will not be offered for the truth of the matter asserted (that Neff wanted FCE to be its Delivering Dealer), but instead, such statements would be offered to show why Kubota approved FCE as Neff's Delivering Dealer (and thus show that Kubota did not intend to treat Gulf Coast unfairly). The Court rejects Kubota's argument. In order for the statements to show why Kubota approved FCE as Neff's Delivering Dealer, the jury would have to believe the truth of the statements—that Neff told Kubota that it wanted FCE to be its Delivering Dealer. Accordingly, if Kubota calls a witness to testify that someone at Neff told Kojima that Neff wanted FCE to be its Delivering Dealer, such statements would be hearsay (if the witness is not the person from Neff that made the statement) and will be excluded.

**B. First-Hand Knowledge**

Next, Gulf Coast argues that this Court should exclude testimony from Kubota employees regarding things that FCE did to establish a relationship with Neff, as such Kubota employees would not have first-hand knowledge of such information. Kubota responds that it intends to call Todd Bachman, the owner of FCE, to testify regarding the steps FCE took to develop a relationship with Neff. Thus, Kubota argues that the motion in limine on this issue is moot, because Bachman has first-hand knowledge of FCE's efforts. The Court agrees that if Bachman, the owner of FCE, testifies regarding the FCE-Neff relationship (rather than Kubota employees testifying about it), the motion in limine on this issue is moot.

**C. Sales Bulletins**

Next, Gulf Coast argues that this Court should exclude argument that Kubota's sales bulletins were incorporated into Gulf Coast and Kubota's DSSA. The DSSA states that Gulf Coast agrees that the DSSA incorporates by reference certain bulletins issued by Kubota (referred to as "KTC Materials"). (Doc. No. 57-1, ¶ 19). The DSSA goes on to state that Gulf Coast "agrees to be bound by all of the terms and conditions of any KTC Materials" posted on KubotaLink. (Doc. No. 57-1, ¶ 19). Despite this language in the DSSA stating that Gulf Coast agrees to be bound by Kubota's bulletins, Gulf Coast argues that Kubota should be prohibited from arguing that Kubota's sales bulletins were incorporated into the DSSA.

Kubota argues that the DSSA sufficiently states that Kubota's sales bulletins are incorporated by reference therein. The Court agrees. See Management Computer Controls, Inc. v. Charles Perry Const., Inc., 743 So. 2d 627, 631 (Fla. 1st DCA 1999)(stating that "[a] document may be incorporated by reference in a contract if the contract specifically describes the

document and expresses the parties' intent to be bound by its terms"). Therefore, the Court denies the motion in limine on this issue.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion in Limine (Doc. No. 71) is **GRANTED IN PART AND DENIED IN PART:** The motion is granted to the extent that if Kubota intends to call a witness to testify that someone at Neff told Kojima (who is not going to be a witness at trial) that Neff wanted FCE to be its Delivering Dealer, such statements would be hearsay if the witness is not the person from Neff that made the statement; otherwise, the motion is denied as explained above.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of April, 2019.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record