UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GULF COAST TURF AND
TRACTOR LLC,

        Plaintiff,

v.                                   Case No. 8:17-cv-2787-T-24 AEP

KUBOTA TRACTOR CORPORATION,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion in Limine. (Doc. No. 68). Plaintiff opposes the motion. (Doc. No. 79). As explained below, the motion is granted in part, denied in part, and deferred until trial in part.

## I.  Background

Defendant Kubota Tractor Corporation ("Kubota") distributes agricultural, construction, and outdoor power equipment through a network of dealers throughout the United States. Plaintiff Gulf Coast Turf and Tractor LLC ("Gulf Coast") is one of Kubota's authorized dealers, with dealerships in Pasco County and Hillsborough County. This case involves Gulf Coast's contention that Kubota acted unfairly towards it in the selection of the Delivering Dealer for two national accounts, Hertz Equipment Rental Corporation ("Herc") and Neff Rentals, Inc. ("Neff").

## II.  Motion in Limine

In the instant motion, Kubota asks the Court to exclude six types of information. Accordingly, the Court will address each type of information sought to be excluded.

**A. Mark White's Voicemail**

Kubota asks the Court to exclude evidence of Kubota employee Mark White's voicemail message, in which White states that people above his head at Kubota made a deal with Florida Coast Equipment ("FCE") to make FCE Neff's Delivering Dealer. Kubota argues that the statements in this voicemail are double hearsay—someone at Kubota told White that Kubota made a deal with FCE to make FCE Neff's Delivering Dealer, and White made the statements contained in the voicemail message outside of court.

Gulf Coast responds that the statements are not double hearsay; instead, they are admissible non-hearsay admissions as statements against Kubota's interest under Federal Rule of Evidence 801(d)(2)(D).[1] The Court agrees with Gulf Coast and denies Kubota's motion in limine on this issue.

**B. Josh Sears' Notes**

Next, Kubota asks the Court to exclude Kubota employee Josh Sears' notes of a meeting between Gulf Coast and Kubota, in which Sears wrote: "<u>Alex</u> - FCE/Neff Relationship is <u>discriminatory</u> - will be unwound, don't know when." (Doc. No. 79-3). Kubota argues that the statement in Sears' note is double hearsay, because the note contains Gulf Coast's statement to Kubota that Gulf Coast believed that the FCE/Neff relationship was discriminatory.

Gulf Coast responds that the statement was made by Kubota and is not double hearsay; instead, it is an admissible non-hearsay admission as a statement against Kubota's interest under Federal Rule of Evidence 801(d)(2)(D). The Court agrees with Gulf Coast that this falls under

---

[1] Federal Rule of Evidence 801(d)(2)(D) provides that an opposing party's statement is not hearsay when it is offered against the opposing party and was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.

the statement against interest exception and denies Kubota's motion in limine on this issue.

### C. Tetsu Kojima

Next, Kubota asks the Court to prohibit Gulf Coast from commenting on Kubota's decision not to call Tetsu Kojima as a witness at trial. Kojima is a Kubota executive located in Japan. Kubota argues that given the practical difficulties associated with taking Kojima's deposition, Gulf Coast opted not to depose Kojima as long as Kubota agreed not to call Kojima as a witness at trial. Furthermore, Kubota argues that it decided not to call Kojima as a witness at trial, because his testimony would be cumulative of the testimony of Kubota employees Mark White and Alex Woods on the issue of FCE's Delivering Dealer designation for Neff.

Gulf Coast responds that it should be allowed to ask the jury to draw a negative inference from Kojima's absence at trial, because Kojima was the Kubota employee that made the decision to designate FCE as Neff's Delivering Dealer. Thus, Gulf Coast argues, Kojima is the only Kubota witness with direct knowledge of the reason behind Kubota's decision to designate FCE as Neff's Delivering Dealer. Therefore, Gulf Coast argues that it should be permitted to ask the jury to draw a negative inference based on his absence.

The Court defers ruling on this issue until trial, as it does not have sufficient information to make a ruling at this time.

### D. Kubota's Net Worth

Next, Kubota asks the Court to prohibit Gulf Coast from presenting evidence regarding Kubota's net worth, arguing that such would be irrelevant. Additionally, Kubota asks the Court to prohibit Gulf Coast from improperly urging the jury to send a message to Kubota with its verdict.

Gulf Coast responds that it is seeking punitive damages on two of its claims, and as such, evidence of Kubota's net worth is relevant. Furthermore, Gulf Coast contends that the purpose of punitive damages is to send a message to Kubota. The Court agrees with Gulf Coast that evidence regarding Kubota's net worth is relevant to Gulf Coast's claims for punitive damages. Therefore, if Gulf Coast establishes liability on either of the claims that allows punitive damages, then Gulf Coast can ask the jury to send a message with a punitive damages award during the damages phase of the trial. Accordingly, the Court denies Kubota's motion in limine on this issue.

### E. Expert Testimony

Next, Kubota asks the Court to prohibit Gulf Coast's expert, Kirk Kleckner, from making opinions that were not contained in his expert report and from opining on hypotheticals that have no basis in the evidence presented at trial. Gulf Coast responds that it does not intend to solicit such opinion evidence. Accordingly, the Court grants Kubota's motion in limine on this issue.

### F. Improper Statements and Characterizations

Next, Kubota asks the Court to prohibit Gulf Coast from using "golden rule" or "conscience of the community" arguments. Also, Kubota asks the Court to prohibit Gulf Coast from making "David versus Goliath" arguments. Gulf Coast responds that it does not intend to make such arguments. Accordingly, the Court grants Kubota's motion in limine on this issue.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion in Limine (Doc. No. 68) is **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART:** The motion is granted to the extent that: (1) Kleckner may not give opinions that were not

contained in his expert report and cannot opine on hypotheticals that have no basis in the evidence presented at trial; and (2) Gulf Coast cannot make "golden rule," "conscience of the community," or "David versus Goliath" arguments at trial. The motion is deferred to the extent that the Court will address at trial Kubota's argument that Gulf Coast should be prohibited from commenting on Kubota's decision not to call Tetsu Kojima as a witness at trial. Otherwise, the motion is denied.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of April, 2019.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record